SAVAGE *et al. v.* WESTERN UNION TELEGRAPH CO. *et al.*

No. 15035.   JANUARY 5, 1945.

*Paul T. Chance,* for plaintiffs. *Hull, Barrett, Willingham & Towill* and *Nathan Jolles,* for defendants.

WYATT, Justice. ■ The special demurrers sustained in this case, with the exception of ground ten, were directed to the portions of the petition charging "collusion and conspiracy," for the reason that the facts constituting the alleged collusion and conspiracy do not appear; and to the portions of the petition alleging oral assurances and agreements on the part of Postal Telegraph-Cable Company and American Communications Association, CIO, for the reason that it does not appear who, or what individual, thus acted. The petition in these particulars attempts to charge these artificial persons with acts without naming the individual performing the acts. These artificial persons can act through some person duly authorized to act for them, and in no other way. When a petition fails to name any person, living or dead, through whom it is contended a corporation or an association has acted, we do not believe, as against a timely special demurrer, it can be said

that the petition properly charges the corporation or the association with any act. We consider this proposition of law so well established that the citation of authorities becomes unnecessary.

■ The first three grounds of the general demurrer raise substantially the same question, that the petition sets forth no cause of action. If the judgment of the trial court was correct as to the legal question raised in these grounds, then a consideration of the remaining grounds of the demurrer becomes unnecessary. What does the petition in this case attempt to do? We start from the premise that the petitioners were employees of Postal Telegraph-Cable Company, were all "members of a union organization known as the American Communications Association, CIO," and that the "Postal Telegraph-Cable Company had entered into a contract agreeing that said association was the exclusive representative for collective bargaining in all matters pertaining to its employees, their rates of pay, hours of employment, etc., of all the employees of said Postal Telegraph-Cable Company." The petition thus shows that the association was the exclusive authority with whom the employer could contract as to the rates of pay of all employees. What was left in the petition after the special demurrers had been sustained simply showed that, on about October 1, 1942, negotiations were entered into between the association and the employer regarding an increase in pay for all employees, but that the contract was not finally negotiated and signed until June 14, 1943. The contract, when finally reduced to writing and signed, provided an increase in pay of 12½ cents per hour as to all employees in the category of the plaintiffs. This increase in pay was retroactive to October 1, 1942, "as to all employees on the payroll of the company on the date of the execution of this contract and as to all employees who have since October 1, 1942, become members of the armed forces of the United States and to all employees who have gone on pension since October 1, 1942." The petition showed that none of the plaintiffs were on the payroll of Postal Telegraph-Cable Company on the date of the execution of the contract; and it did not allege that the plaintiffs had become members of the armed forces of the United States since October 1, 1942, nor that since that date they had gone on a pension. We have seen that under the facts stated in the petition there could be no contract until one had been entered into between the asso-

ciation and the employer, the association having the exclusive right to contract as to rates of pay, etc. When the contract was entered into on June 14, 1943, by its express terms the plaintiffs were not entitled to benefit by its retroactive terms, this being the provision of the contract on which the suit is predicated. Therefore the plaintiffs are placed in the legal position of insisting upon the provisions of the contract made in their behalf in so far as it is beneficial to them, and of attempting to repudiate the contract in so far as its terms are not to their benefit. We do not believe that there is any room for the argument in this case that the association exceeded its authority as bargaining agent for the employees, for the reason that the petition on its face shows that the association was the exclusive authority for collective bargaining as to rates of pay, hours of employment, etc. The contract now under consideration was a contract dealing with the rates of pay. The plaintiffs in error do argue that the association was their unfaithful agent and exceeded its authority. This argument is squarely met by the Code, § 4-302: "The principal shall be bound by all the acts of his agent within the scope of his authority; if the agent shall exceed his authority, the principal may not ratify in part and repudiate in part; he shall adopt either the whole or none." If, in cases where an agent exceeds his authority, the principal must ratify or repudiate in whole, can there be any tenable grounds for argument that, when an agent does not exceed his authority—and we hold in the instant case that the agent did not exceed its authority—the principal may ratify in part and repudiate in part the contract made on his behalf? We think not.

The plaintiffs in error argue that clause (b) of the contract above quoted, properly construed, does not eliminate them from the benefits of the contract. This argument is based upon the fact that the words, "all employees," are used in section 31, above quoted, of the contract. This language simply means that the contract is made for the benefit of all employees, and is retroactive as to all employees who can qualify under the terms of the contract. All employees who can not qualify are as effectively excluded as all employees who can qualify are included. The petition discloses that the plaintiffs were among that class of employees who were excluded.

From what has been said, it follows that there was no error in sustaining the demurrers and dismissing the petition.

*Judgment affirmed. All the Justices concur, except Duckworth, J., who dissents.*